Seth M. Lehrman
Florida Bar No.: 132896
Attorney E-Mail(s):  seth@pathtojustice.com
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Phone: (954) 524-2820
Fax:    (954) 524-2822

*Attorney for Victims Refuse Silence*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re:  SUBPOENA TO VICTIMS REFUSE SILENCE, INC.<br><br>Underlying case:<br><br>VIRGINIA L. GIUFFRE, Plaintiff<br><br>v.<br><br>GHISLAINE MAXWELL, Defendant<br><br>No. 15-cv-07433-RWS (S.D.N.Y.) | **VICTIMS REFUSE SILENCE'S MOTION TO QUASH OR MODIFY SUBPOENA AND, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**<br><br>Case No. |

Subpoena respondent Victims Refuse Silence, Inc., a non-party in the *Giuffre v. Maxwell* action, hereby moves to quash or otherwise limit the subpoena served on it by Ghislaine Maxwell, the Defendant in the *Giuffre v. Maxwell* action, as it is vastly overreaching, unduly burdensome, and otherwise improper.

## RELIEF REQUESTED

Victims Refuse Silence, Inc. ("VRS") requests that this Court quash the subpoena issued by Defendant Maxwell to VRS, and to enter a protective order barring Maxwell from enforcing the subpoena, or, in the alternative, to modify the subpoena to exclude certain irrelevant or unduly burdensome areas of inquiry.

## BASIS FOR RELIEF REQUESTED

The bases for VRS' motion, which are set forth more fully in the Memorandum of Legal Authority below, are as follows:

1.      The subpoena subjects VRS to undue burden.

2.      The information sought in the subpoena is not reasonably calculated to lead to the discovery of admissible evidence.

3.      Maxwell has the ability to obtain the information sought in the subpoena directly from public records or from the Plaintiff, who is the founder of VRS as well as a member of the Board of Directors.

4.      Maxwell has failed her duty, imposed by Federal Rule of Civil Procedure 45(c)(1), to avoid imposing undue burden or expense on VRS.

5.      Maxwell has not provided the required notice of subpoena for nonparty under Fed. R. Evid. 45(a)(4).

## STATEMENT OF FACTS SUPPORTING REQUEST FOR RELIEF

6.      Victims Refuse Silence is a Florida not-for-profit corporation exempt from federal income tax pursuant to Internal Revenue Code (IRC) Section 501(c)(3).

2

7.      VRS was founded by Virginia L. Giuffre, Plaintiff in the case *Giuffre v. Maxwell*, No. 15-cv-07433-RWS (S.D.N.Y.), in an effort to change the landscape of the war on sexual abuse and human trafficking.

8.      The mission of the organization is to undertake an instrumental role in helping survivors break the silence associated with sexual abuse by enhancing the lives of women who have been victimized.

9.      The organization provides a comprehensive database of resources throughout the United States for victims and survivors alike to utilize to seek assistance.  Such database is available at www.victimsrefusesilence.org.

10.     In *Giuffre v. Maxwell*, Ms. Giuffre alleges that she was defamed by Defendant Maxwell when Maxwell called her a "liar" and otherwise challenged the accuracy of Ms. Giuffre's statements that Maxwell was involved in her sexual abuse.  *See* **Exhibit 1**, *Giuffre v. Maxwell* Complaint.

11.     VRS has received a subpoena to produce numerous documents in the *Giuffre v. Maxwell* case.  *See* **Exhibit 2**, Subpoena to Victims Refuse Silence, Inc.  Pertinently, VRS is not a party to that case.

12.     The subpoena requests the production of seventeen different categories of documents referred to in this motion as Request Numbers 1 through 17.

## MEMORANDUM OF LEGAL AUTHORITY

### THE SUBPOENA SUBJECTS VRS TO AN UNDUE BURDEN AND SHOULD BE QUASHED, MODIFIED, OR A PROTECTIVE ORDER SHOULD BE ENTERED

Defendant Maxwell has served a subpoena on Victims Refuse Silence, the non-profit charity organization founded by Plaintiff, Virginia Roberts Giuffre.  The subpoena appears to be designed not to secure important information in the case, but rather to unduly burden VRS with

the obligation to respond.  Much, if not all, of the information can be secured from other sources and in other ways including through independent inquiry into publicly available resources. Accordingly, the subpoena should be quashed or, in the alternative, a protective order should be entered.

## I.       Legal Standard

Federal Rule of Civil Procedure 45 sets out the procedures for serving and responding to subpoenas.  For a subpoena requiring the production of documents, Rule 45 requires that "notice and a copy of the subpoena must be served on each party" before service on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).  Rule 45 also requires that a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(c)(1).  The Rule further states that "[t]he issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."  *Id.*  The Rule also states that, upon a timely motion, "the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iv).

"Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."  *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 662-663 (D. Kan. 2003).  *Accord Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014); *see also Dart Industries Co., Inc. v. Westwood Chemical Co.,* 649 F.2d 646 (9th Cir.1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a non-party is the target of discovery."); *Katz v. Batavia Marine & Sporting Supplies, Inc.,* 984 F.2d

422, 424 (Fed.Cir.1993) ("Although Rule 26(b) applies equally to discovery of nonparties, the fact of nonparty status may be considered by the court in weighing the burdens imposed in the circumstances."); *Travelers Indemnity Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) ("An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party.")  Indeed, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in a Rule 45 inquiry.  *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014).  "Whether a subpoena imposes an 'undue burden' depends on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Travelers*, 228 F.R.D. at 113 (internal quotation marks omitted).  "The determination of issues of burden and reasonableness is committed to the sound discretion of the trial court." *Id.*

In addition, of particular importance here, numerous federal district courts have determined that a subpoena to a non-party seeking the production of documents constitutes an "undue burden" on the subpoena respondent when the issuer of the subpoena can obtain (or already has obtained) the documents or testimony from a party to the action.  *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005); *Travelers*, 228 F.R.D. at 113-114; *Jones v. Hirschfeld*, 219 F.R.D. 71, 78 (S.D.N.Y. 2003); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014); *Precourt v. Fairbank Reconstruction Corp.,* 280 F.R.D. 462, 467 (D.S.D.2011) ("If the party seeking information can easily obtain the same information without burdening the non-party, the court will quash the subpoena."); *Brown v. City of Syracuse,* 648 F.Supp.2d 461, 466 (N.D.N.Y.2009) (when balancing hardships between

requesting party and non-party, court should consider whether there are other sources for obtaining the material); *Arthrex, Inc. v. Parcus Medical, LLC,* 2011 WL 6415540, at *6 (S.D.Ind. Dec. 21, 2011) ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same requests.").

Moreover, district courts have also ruled that a subpoena to a non-party represents an "undue burden" if the information sought is not relevant pursuant to Federal Rule of Civil Procedure 26(b)(1). *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005); *Jones v. Hirshfeld*, 219 F.R.D. 71 (S.D.N.Y. 2003). "Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." *Moon*, 232 F.R.D. at 637. "[A] court has discretion to circumscribe discovery even of relevant evidence by making 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Jones*, 219 F.R.D. at 74 (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

## II.     The Court Should Quash the Subpoena to VRS.

### RFP #1 Should be Quashed

Under the subpoena, Request Number 1 seeks all versions of any information of pages drafted for or included on the website for VRS, http://www.victimsrefusesilence.org, including complete metadata. Such information is not maintained in the ordinary course of business and would require a sophisticated level of technology to produce in the requested format with associated metadata. Such technology is outside of the scope of operation of VRS, and as such, it would be unduly burdensome in accord with the balancing test delineated above to require the

charity to hire an additional party to obtain such information. Finally, it is not clear why earlier drafts of the public webpage would be at all relevant to the case.  Presumably the publicly-available website provides all the information needed for whatever purpose Defendant may have in mind.

<u>RFP #2 Should be Quashed</u>

Request Number 2 seeks VRS' application for 501(c)(3) status.  As stated above, federal district courts have consistently held that a subpoena to a non-party represents an undue burden if the information sought is not relevant pursuant to Federal Rule of Civil Procedure 26.  While it cannot be disputed that the tax-exempt status of VRS is easily ascertainable, the charity's application for tax exempt status cannot possibly bear any relevance to the action being litigated between Ms. Giuffre and Ms. Maxwell.  Instead, Defendant Maxwell can utilize public resources to verify the status of VRS without imposing the burdens associated with the underlying subpoena.

<u>RFP #5 Should be Quashed</u>

Request Number 5 seeks personnel records for Virginia Roberts Giuffre.  Without waiving any protections that might otherwise exist—including attorney-client privilege or work-product protection—VRS does not believe that it is in possession of any documents responsive to this request.

<u>RFP #6 Should be Quashed</u>

Request Number 6 seeks personnel records for Bradley J. Edwards.  Without waiving any protections that might otherwise exist—including attorney-client privilege or work-product protection—VRS does not believe that it is in possession of any documents responsive to this request.

### RFP #9 Should be Quashed

Request Number 9 seeks all employment agreements or job descriptions for any employee, independent contractor, consultant, board member, principal, officer or director related to VRS.  Without waiving any protections that might otherwise exist—including attorney-client privilege or work-product protection—VRS does not believe that it is in possession of any documents responsive to this request aside from the By-Laws of the Corporation.

### RFP #10 Should be Quashed

Request Number 10 seeks all press releases or other publications relating to VRS. Without waiving any protections that might otherwise exist—including attorney-client privilege or work-product protection—VRS does not believe that it is in possession of any documents responsive to this request aside from those publications readily available to the public through the public social media website, Facebook.  Importantly, as stated above, if the party seeking information can easily obtain the same information without burdening the non-party, the court will quash the subpoena. Here, it is without question that Defendant Maxwell can utilize public resources to obtain any publication relating to VRS without imposing the burdens associated with the underlying subpoena.

### RFP #11 Should be Quashed

Request Number 11 seeks all documents relating to all appearances made by any person associated with VRS on behalf of VRS, including all materials created relating to such appearances, attendance or sign up rosters, donations documents, and advertising or invitations sent relating to such appearances, including documents demonstrating the transmissions publicizing such appearances.  Without waiving any protections that might otherwise exist—

including attorney-client privilege or work-product protection—and understanding this request to seek information regarding public appearances made on behalf of VRS, VRS does not believe that it is in possession of any documents responsive to this request.

### RFP #12 Should be Quashed

Request Number 12 seeks all contacts received by VRS, through its website or otherwise, to schedule an event. Without waiving any protections that might otherwise exist—including attorney-client privilege or work-product protection—VRS does not believe that it is in possession of any documents responsive to this request.

### RFP #13 Should be Quashed

Request Number 13 seeks all contacts by VRS, through its website, social media, or otherwise, for personal assistance, redacting the name, personal contact information, or other individual identification information relating to such contact. Not only does this request subject the organization to undue burden, but it is wildly inappropriate for Defendant Maxwell to request confidential communications made by victims of sexual abuse and human trafficking to an organization designed to assist those individuals. *See Spar, Inc. v. Dailey*, 1988 WL 6741 (N.D.Ill. Jan. 27, 1988) (quashing subpoena of non-party business records).

To provide any such information, whether redacted or otherwise, would violate the very foundation of trust that such relationships depend upon, and would leave VRS in a position wherein it has failed to protect and shield such victims from further trauma. It is important to understand that Defendant was the girlfriend and close associate of Jeffrey Epstein, a convicted sex offender and notorious sex trafficker. Any response to this request by VRS to turn over the names of sexual assault victims would violate the underlying purpose of this non-profit organization designed to assist victims. Indeed, that seems to be the very purpose of this request.

It is impossible to understand how contacts with VRS by sexual assault victims could have even the remotest relevance to the lawsuit currently being litigated.   <u>RFP #14 Should be Quashed</u>

Request Number 14 seeks all information contained in the administrative account for the VRS Facebook account, Twitter feed, Instagram account, or any other social media account, including history of social media interactions such as "likes," "shares," "retweets," "re-posts," "comments," or other feedback from followers or viewers, and all pages, messages, insights, notifications, messages, and publishing tools.

The only social media account maintained by VRS is through the social media website Facebook.  More specifically, VRS does not maintain a social media account on Twitter or Instagram.  Without waiving any protections that might otherwise exist—including attorney-client privilege or work-product protection—VRS does not believe that it is in possession of any documents responsive to this request aside from those publications readily available to the public through Facebook.  Importantly, as stated above, if the party seeking information can easily obtain the same information without burdening the non-party, the court will quash the subpoena. Here, it is without question that Defendant Maxwell can utilize public resources to obtain any publication relating to VRS without imposing the burdens associated with the underlying subpoena.

<u>RFP #15 Should be Quashed</u>

Request Number 15 seeks all analytics regarding the reach of VRS, including all information from Google Analytics or any other analytics software employed by VRS.  Such information is not maintained in the ordinary course of business and would require a sophisticated level of technology to produce in the requested format with associated metadata. Such technology is outside of the scope of operation of VRS, and as such, it would be unduly

burdensome in accord with the balancing test delineated above to require the charity to hire an additional party to obtain such information.

RFP #16 Should be Quashed

Request Number 16 seeks all documents reflecting VRS' efforts to generate recognition of VRS by the public.  This request is overly broad and vague in that it requests all documents reflecting efforts to "generate recognition."  It is impossible for non-party VRS to determine which efforts Defendant Maxwell would deem to have been made in an effort to generate recognition of the organization.  Furthermore, VRS interprets this request to refer to every single action ever taken on behalf of the charity, in which case, it would be impossible, irrelevant, and certainly unduly burdensome for VRS to turn over all such actions documented on behalf of the organization since its inception.

In light of the fact that VRS' status as a non-party facially weighs against disclosure, the balance between the need for discovery of the documents made in this clearly overly broad and vague request clearly opposed disclosure when weighed against the burden imposed on VRS, clearly balances in favor of non-disclosure.

RFP #17 Should be Quashed

Request Number 17 seeks all documents reflecting any publication of the existence of VRS prior to January 2, 2015.  Without waiving any protections that might otherwise exist— including attorney-client privilege or work-product protection—VRS does not believe that it is in possession of any documents responsive to this request aside from those documents readily available to the public through resources such as the Florida Department of State Division of Corporations.  As such, Defendant Maxwell can easily obtain same without burdening non-party VRS.  Accordingly, the court should quash the subpoena.

III.    **The Court Should Quash All Requests Relating to Financial Documents and Tax Returns.**

In addition to the fact that requests relating to the financial documents and tax returns of non-party VRS impose an undue burden on the organization, it is well settled pursuant to federal law that such documents belong to a non-party are protected from disclosure.  *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225 (9th Cir. 1975) (circuit court affirmed district court's quashing of subpoena to non-party seeking financial documents and tax returns).

Federal  courts  frequently  protect non-parties from  over-intrusive subpoenas directed  to their confidential financial records.  *See Levine v. Fairbanks Capital Corp.*, 2003 WL 2006653 (E.D. La. 2003) (holding that there is "no hint as to why the records of the named non-parties to this litigation are relevant in any way. In addition, even if their relevance could be adequately explained, the court will not require their production unless it is provided with the sworn, written consent of the named non-parties requesting and consenting to the release of records concerning their personal financial dealings.").    Thus, federal courts have almost invariably granted non-party motions to quash subpoena's directed towards confidential financial documents.  *In Re Vitamins Antitrust Litigation*, 267 F. Supp. 2d 738 (S.D. Ohio 2003); *see also Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Inc.*, 218 F.R.D. 423 (D.Del. 2003) (quashing subpoena directed to non-party financial  records); *Semtek  Intern,  Inc.  v.  Merkuriy  Ltd*., 1996  WL 238538 (N.D.N.Y. May 1, 1996) (denying motion to enforce subpoena against non-party which sought confidential commercial information); *Catskill Dev., LLC v. Park Place Entertainment Group*, 206  F.R.D.  78  (S.D.N.Y.  2002)  (quashing subpoena of non-party's banking  records,  despite contention that such information may reveal money used for impropriety); *Perry v. Best Lock*, 1999 WL 33494858 (S.D.Ind. Jan. 21, 1999) (quashing subpoenas of financial records); *Greater Rockford Energy & Technology Corp. v. Shell Oil*, 138  F.R.D.  530  (C.D.Ill.1991) (declining

permission to subpoena non-party's confidential business information); *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318 (Fed. 1990).

Furthermore, federal law provides a taxpayer with a right to the privacy of his tax returns. 26 U.S.C. § 6103. Specifically, "a public policy against unnecessary public disclosures arises from the need, if the tax returns are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.l975) (affirming district court's quashing of subpoena seeking non-party's tax returns in antitrust case). Pertinently, "Congress has guaranteed that federal tax returns will be treated as confidential communications between a taxpayer and the government" because public policy disfavors the disclosure of income tax returns. *Demasi v. Weiss*, 669 F.2d 114, 119 (3d Cir. 1982). In fact, Florida law also confers a right to the privacy of tax returns. *Vovtish v. Ozycz*, 695 So. 2d 1301 (Fla. 4th DCA 1997) (quashing order for non-party to produce tax returns). For all these reasons, RFPs #3, #4, #7, and #8 should be quashed, as explained in greater detail berlow..

<u>RFP #3 Should be Quashed</u>

Request Number 3 seeks all payroll or payment history records for any employee, independent contractor, consultant, board member, principal, officer, or director. Based on the aforementioned authority, this Court should quash this subpoena as it relates to this request, which requires VRS to produce confidential financial records. In addition, without waiving any protections that might otherwise exist—including attorney-client privilege or work-product protection—VRS does not believe that it is in possession of any documents responsive to this request.

<u>RFP #4 Should be Quashed</u>

Request Number 4 seeks all records and accountings for all donations made to VRS or any employee, independent contractor, consultant, board member, principal, officer, or director related to VRS. Based on the aforementioned authority, this Court should quash this subpoena as it relates to this request, which requires VRS to produce confidential financial records.

<u>RFP #7 Should be Quashed</u>

Request Number 7 seeks VRS tax returns from inception to present.  Based on the aforementioned authority, this Court should quash this subpoena as it relates to this request, which requires VRS to produce confidential tax returns.

<u>RFP #8 Should be Quashed</u>

Request Number 8 seeks VRS' complete financial records, including, but not limited to, all bank account statements, ledgers, profit and loss statements, cash flow statements, balance sheets, and income statements. Based on the aforementioned authority, this Court should quash this subpoena as it relates to this request, which requires VRS to produce confidential financial records.

**IV.    At a Minimum, the Subpoena Issued to VRS Should be Limited, Modified, and/or a Protective Order Should be Entered.**

Pursuant to Rule 45, it is within the sound discretion of the court to "quash or modify" any subpoena as appropriate. *Adair v. Rose Law Firm*, 867 F. Supp. 1111, 1119 (D.D.C.1994) ("It is a legitimate exercise of the court's authority to modify the terms of a subpoena by providing additional confidentiality protections for a person or entity to whom the subpoena is directed."  While the subpoena in this case should be quashed in its entirety as it is overbroad and unduly burdensome, at a minimum, it should be modified to necessarily exclude

any document readily available to the Defendant through public record, testimony of the Plaintiff, or otherwise, from any documents produced.

To obtain a protective order, the requestor must make a showing of good cause. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984). According to Rule 26(c)(7), "[t]he court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." Furthermore, a trial court possesses broad discretion in issuing a protective order and in determining what degree of protection is required. *Purcell v. MWI Corp.*, 209 F.R.D. 21, 27 (D.D.C.2002). In exercising that discretion, the court must take into consideration factors including: 1) the requestor's need for the information from this particular source, 2) the relevance of the information to the litigation at hand, 3) the burden of producing the sought-after material, and 4) the harm which disclosure would cause to the party seeking to protect the information. *Id.* at 27-28.

Based on the aforementioned factors, VRS has met its burden of showing good cause that the documents requested are not relevant, that production would be unduly burdensome on the non-party, that such documents are publically available, or that they are confidential. By contrast, Defendant Maxwell has failed to narrow the scope of the subpoena to something reasonable. Accordingly, at the very least, the subpoena should be limited or modified.

V.     **A privilege log is unnecessary and unduly burdensome.**

To the extent that non-party VRS has claimed privilege in response to any of the requests delineated in the subpoena, VRS has done so by indicating certain areas which may be subject to attorney client privilege or work product privilege. Pertinently, pursuant to Rule 45, a more specific privilege log is not required. *Thermoset Corp. v. Building Materials Corp. of America*, No. 14-60269-CIV, 2015 WL 1565310, at *6 (S.D. Fla. Apr. 8, 2015) (holding that, "[n]othing in

the Federal Rules of Civil Procedure or this District's Local Rules require a privilege log to be served within a specific time period or risk waiving the privilege for an untimely filing of a privilege log."); *see also Spitznagel v. R&D Italia, LLC*, 2011 WL 940052, at *4 (M.D. Fla. Mar. 17, 2011) (finding that, "courts have confirmed that a nonparty's failure to prepare a privilege log in response to a subpoena does not waive any privilege").

Not only would it be incredibly burdensome for VRS to produce a privilege log based on the entire course of communications of the organization since its inception, but requirement of such would be inconsistent with Rule 45's direction of limiting "significant expense" to non-parties. Fed. R. Civ. Proc. 45(d)(2)(B)(ii); *50 Mitsui Sumitomo Ins. Co. v. Carbel*, LLC, No. 09-21208-CIV, 2011 WL 2682958, at *5 (S.D. Fla. July 11, 2011). Therefore, VRS requests that this court validate VRS' position that it is not required to produce a privilege log in response to the subpoena issued by Defendant Maxwell.

**VI.   VRS Reserves the Right to Raise Other Objections.**

For all the reasons just explained, the Court should quash the subpoena issued to VRS in its entirety under Fed. R. Civ. P 45(c)(3)(A)(iv). If for any reason the Court finds that some or all of the subpoena survives this motion to quash, VRS would then respectfully request any opportunity to raise such other general and specific objections to the subpoena as may be appropriate, including attorney-client privilege and work-product privilege.

<u>CONCLUSION</u>

For the forgoing reasons, Victims Refuse Silence respectfully requests that this Court grant the motion to quash the Subpoena commanding the production of documents by VRS. In the alternative, VRS requests that this Court enter a protective order modifying Maxwell's subpoena or barring enforcement of Maxwell's Subpoena.

## Certification Under S.D. Fla. L.R. 7.1

On June 13, 2016, non-party Edwards attempted to confer with Jeff Pagliuca, counsel for Defendant Maxwell via telephone as well as via email, but was unable to reach him before the deadline for filing the motion.  The related issues cannot be resolved without court intervention; however, if the issues are narrowed through any conference with counsel, we will immediately notify the court.

Dated: June 13, 2016                              Respectfully Submitted,

*/s/ Seth M. Lehrman*
Seth M. Lehrman
Florida Bar No.: 132896
E-Mail: seth@pathtojustice.com
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

*Attorney for non-party respondent*
*Victims Refuse Silence*

## CERTIFICATE OF SERVICE

I certify that on June 13, 2016, I electrically served the foregoing pleading via e-mail on:

Laura A. Menninger
Email: lmenninger@hmflaw.com
Jeffrey S. Pagliuca
Email: jpagliuca@hmflaw.com
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO 80203
Telephone: (303) 831-7364
Facsimile: (303) 832-2628

*Attorneys for Ghislaine Maxwell*

*/s/ Seth M. Lehrman*